[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On November 2, 1998, defendant-appellant Douglas Bullocks was indicted for possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony. Bullocks pleaded guilty and was referred for a drug-dependency evaluation and presentence investigation. Bullocks posted bond on February 20, 1999. On March 10, 1999, Bullocks was indicted on a second charge of possession of cocaine. Bullocks pleaded guilty to the second charge. On April 1, 1999, Bullocks was sentenced on both charges. On the first charge, Bullocks was sentenced to twelve months' imprisonment. On the second charge, Bullocks was sentenced to eleven months' imprisonment. The trial court ordered that the sentences were to be served consecutively. Bullocks has appealed his sentence on the first charge in the case numbered C-990313, and the sentence on the second charge in the case numbered C-990312.
Bullocks has raised identical assignments of error in his appeals. The assignments of error, which allege that the trial court erred in imposing the maximum sentence for a felony of the fifth degree on each charge, and in ordering the sentences to be served consecutively without making the requisite findings pursuant to R.C. Chapter 2929, are sustained in part and overruled in part. Bullocks does not challenge the imposition of a prison term for a fifth-degree felony; he challenges the imposition of the maximum term and the order making the terms consecutive.
The sentencing statutes do not "require talismanic words from the sentencing court" as long as the reasons for the sentence are apparent from the record. See State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported; State v. Taylor
(Dec. 26, 1997), Hamilton App. No. C-961141, unreported. Pursuant to R.C. 2929.14(C), the trial court may impose the maximum sentence if it finds that the offender poses "the greatest likelihood of committing future crimes." See State v. Edmonson
(1999), 86 Ohio St.3d 324, 715 N.E.2d 131; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported.
The trial court did not impose the maximum sentence on the second charge. In imposing the maximum sentence on the first charge, the trial court, after reviewing the presentence-investigation report, noted Bullocks's prior adjudications of delinquency, extensive criminal record, unsuccessful probation/parole, unacknowledged substance-abuse pattern, and lack of remorse. The trial court also noted that Bullocks had been turned down by the River City treatment program. The trial court did not make any marks on the sentencing sheet under the criteria for imposing the maximum sentence. However, it is clear from the record that the trial court imposed the maximum sentence because it found, pursuant to R.C.2929.14(C), that Bullocks posed "the greatest likelihood of committing future crimes." Therefore, the trial court did not err in imposing the maximum sentence on the first charge. The imposition of the maximum sentence on the first charge is affirmed.
To impose consecutive sentences, R.C. 2929.14(E) requires that the trial court find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The trial court must also find that the offender (1) committed the multiple offenses while awaiting sentencing or trial, under certain statutory sanctions, or under post-release control for a prior offense; (2) caused such great or unusual harm that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the conduct; or (3) has a history of criminal conduct that demonstrates that consecutive sentences are necessary to protect the public from his future crimes. See Statev. Norman (Dec. 3, 1999), Hamilton App. Nos. C-980874 and C-980872, unreported.
The trial court did not mark any of the criteria on the sentencing sheet for the imposition of consecutive sentences. Further, the record reflects that the trial court did not make the requisite findings for the imposition of consecutive sentences. Because the trial court failed to fulfill the statutory guidelines, it erred in imposing consecutive sentences. See Statev. Edmonson, supra; State v. Norman, supra. Therefore, we reverse the imposition of consecutive sentences and remand the case for resentencing only on the issue of whether the sentences are to run concurrently or consecutively.
Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for resentencing in accordance with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 23, 2000
per order of the Court _______________________________.
 _______________________________________________ Presiding Judge